# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY KENNETH THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> JOHN McMAHON, et al., <br><br> Defendant. | Case No. EDCV 13-1020-FMO (JEM) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On June 27, 2013, Jerry Kenneth Thompson ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on

1  which relief may be granted, allegations of material fact are taken as true and construed in
2  the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
3  1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual
4  allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of
5  a civil rights complaint may not supply essential elements of the claim that were not initially
6  pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
7  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

8      Although a complaint "does not need detailed factual allegations" to survive
9  dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic
10 recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in
12 Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations
13 sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely
14 possible or conceivable. Id. at 557, 570.

15     Simply put, the complaint must contain "enough facts to state a claim to relief that is
16 plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents
17 enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v.
18 Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks
19 for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint
20 that pleads facts that are merely consistent with liability stops short of the line between
21 possibility and plausibility. Id.

22     In a pro se civil rights case, the complaint must be construed liberally to afford
23 plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,
24 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured,
25 pro se litigants are generally entitled to a notice of a complaint's deficiencies and an
26 opportunity to amend prior to the dismissal of an action. Lucas v. Dept. of Corrections, 66
27 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623. Only if
28 it is absolutely clear that the deficiencies cannot be cured by amendment should the

1 complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without leave to amend).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner who, at all relevant times, was incarcerated at the West Valley Detention Center ("WVDC") in Rancho Cucamonga, California. Plaintiff alleges that various defendants were deliberately indifferent to Plaintiff's health and safety when they failed to provide Plaintiff with "Skid Safe Tred Safe" shoes for his work in the kitchen and Officers Dining Room, causing Plaintiff to fall and injure his back. (Complaint at 1 & 6; see id., Exhibits ("Exhs.").)[1] Moreover, Plaintiff alleges that various defendants were deliberately indifferent to his serious medical needs when they denied treatment for the back injuries Plaintiff incurred while employed at WVDC and/or failed to treat these injuries "in a manner consistent with the industry." (Complaint at 6.)

## DISCUSSION

Having reviewed the Complaint pursuant to the standards set forth above, the Court has determined that the Complaint does not withstand screening for the following reasons:

**I.  Plaintiff Must Name All Defendants In the Caption**

Plaintiff only names Defendants McMahon and Haga in the caption of the Complaint. (Complaint at 1.) In the body of the Complaint, however, Plaintiff makes allegations against numerous defendants not named in the caption, namely Defendants Milligan, Liong, Lopez, Pete, and Walker. (Complaint at 6.)

---

[1] The Court labels and refers to the pages in the Complaint in consecutive order, i.e., 1-7.

The individuals or entities named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

## II. The Complaint Fails To State An Eighth Amendment Conditions of Confinement Claim

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement."[2] Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (citation omitted). Establishing a violation of the Eighth Amendment requires a two-part showing.

First, an inmate must objectively show that he was deprived of something "sufficiently serious." Id. at 834. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); see Hudson v. McMillian, 503 U.S. 1, 9 (1992). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006); see also Hudson, 503 U.S. at 9.

---

[2] Plaintiff does not indicate whether he was a pretrial detainee or a prisoner serving a sentence of confinement at the time of the alleged events. Claims by pretrial detainees arise under the Fourteenth Amendment Due Process Clause, whereas claims by prisoners arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Nevertheless, "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," the Court analyzes Plaintiff's conditions of confinement claims under the standards provided by the Eighth Amendment, regardless of Plaintiff's incarceration status. Frost, 152 F.3d at 1128 (citing Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir.1991)).

Second, the inmate must make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)); see also Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835; see Clement v. California Dep't of Corrections, 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002) ("Neither negligence nor gross negligence will constitute deliberate indifference."). Instead, in order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. See, e.g., Farmer, 511 U.S. at 847.

Claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); see Robinson v. Cuyler, 511 F.Supp. 161, 163 (E.D. Pa. 1981) ("A slippery kitchen floor does not inflict 'cruel and unusual punishments.'" (citation omitted)); Tunstall v. Rowe, 478 F.Supp. 87, 88-89 (N.D. Ill. 1979) (greasy staircase that caused prisoner to slip and fall did not violate the Eighth Amendment); Snyder v. Blankenship, 473 F.Supp. 1208, 1209-10, 1212 (W.D. Va. 1979) (leaking dishwasher which caused prisoner to slip and fall did not violate Eighth Amendment). Instead, to state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. See Frost, 152 F.3d at 1129 ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions); Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety hazard does not violate the Eighth Amendment but allegations of conditions which "exacerbate[] the inherent dangerousness of already-existing hazards" or "render[] [an inmate] unable to provide for his own safety" are sufficient to state a cognizable claim for relief (internal quotations, brackets and citation omitted)).

1    Plaintiff alleges that he fell while working in the Officers Dining Room and injured his
2 back (Complaint at 1 & 6; see id., Exhs.), and that Defendants' failure to provide him with
3 the "Skid Safe Tred Safe" shoes that are a requirement in the food industry constituted
4 deliberate indifference to his safety.  However, Plaintiff alleges no facts or exacerbating
5 circumstances that could elevate this simple negligence claim into a federal cause of action.
6 See, generally, id. at 1-7 & Exhs.; see Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir.
7 2004) ("Simply put, a slip and fall, without more, does not amount to cruel and unusual
8 punishment . . . .  Remedy for this type of injury, if any, must be sought in state court under
9 traditional tort law principles." (internal quotations, brackets and citation omitted)); Frost, 152
10 F.3d at 1129; Osolinski, 92 F.3d at 938; Farmer, 511 U.S. at 835-36 & n. 4.  Plaintiff's
11 conditions of confinement claim against Defendants therefore does not state a constitutional
12 violation.  See, e.g., Andrillion v. Stolc, 2011 WL 2493655, at *2 & *4 (D. Ariz. 2011) (failure
13 to provide workboots to prisoner when working in wet and slippery conditions in the kitchen
14 resulting in prisoner slipping and falling and injuring himself failed to raise a cognizable
15 claim for relief); Aaronian v. Fresno County Jail, 2010 WL 5232969, at *2 & *3 (E.D. Cal.
16 2010) (allegation that plumbing leak caused pool of water resulting in plaintiff slipping and
17 falling does not raise cognizable conditions of confinement claim); Wallace v. Haythorne,
18 2007 WL 3010755, at *2-*4 (E.D. Cal. 2007) (finding no Eighth Amendment violation when
19 prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if
20 defendants were aware that a non-prisoner employee had previously tripped on one of the
21 holes).

22    Because Plaintiff appears pro se and has not had a prior opportunity to amend his
23 claims, the Court recommends that the Complaint be dismissed with leave to amend.  To
24 the extent Plaintiff wishes to amend his Complaint, he should set forth specific facts to
25 support his conditions of confinement claim.  Conclusory statements of the elements of
26 Plaintiff's § 1983 claim are insufficient to satisfy Iqbal.
27 / / /
28 / / /

**III.  The Complaint Fails To State A Claim For Deliberate Indifference To A Serious Medical Need**

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs.  Wilson, 501 U.S. at 302; Carlson v. Green, 446 U.S. 14, 19 (1980); Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Deliberate indifference in violation of the Eighth Amendment exists when a prison official knows an inmate faces a substantial risk of serious harm to his health and fails to take reasonable measures to abate the risk.  Farmer, 511 U.S. at 847; Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of harm exists,' but that person 'must also draw the inference.'"  Toguchi, 391 F.3d at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'"  Toguchi, 391 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003)).

Deliberate indifference to an inmate's serious medical needs may be manifested in two ways: either when prison officials deny, delay or intentionally interfere with medical treatment, or by the way that prison physicians provide medical care.  Gamble, 429 U.S. at 104-05; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).  In either case, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation.  Gamble, 429 U.S. at 105-06; Toguchi, 391 F.3d at 1057.  Similarly, mere delay in providing a prisoner with medical treatment, without more, does not amount to a constitutional violation.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

1       "A determination of 'deliberate indifference' involves an examination of two elements:
2 the seriousness of the prisoner's medical need and the nature of the defendant's response
3 to that need." McGuckin, 974 F.2d at 1059; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
4 2006). "A 'serious' medical need exists if the failure to treat a prisoner's condition could
5 result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty v.
6 County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). "Examples of serious medical needs
7 include '[t]he existence of an injury that a reasonable doctor or patient would find important
8 and worthy of comment or treatment; the presence of a medical condition that significantly
9 affects an individual's daily activities; or the existence of chronic and substantial pain.'"
10 Lopez, 203 F.3d at 1131 (quoting McGuckin, 974 F.2d at 1059-60).

11       The Complaint is devoid of any specific factual allegations that Defendants knew
12 Plaintiff faced a substantial risk of serious harm to his health and failed to take reasonable
13 measures to abate the risk. The Complaint merely alleges in a conclusory fashion that Dr.
14 Liong and Dr. Haga "subject Plaintiff to ongoing cruel [and] . . . unusual punishment by
15 negligen[tly] . . . failing to treat . . . Plaintiff in a manner consistent with the industry[.]"
16 (Complaint at 6 (further claiming that: (1) "Dr. Haga failed to oversee Plaintiff's health [and] .
17 . . treatment [and] den[ied] a standard of treatment consistent with injury[;]" and (2) "Dr.
18 Liong violates Plaintiff's civil rights by the lack of treatment [and] . . . by falsifying Medical
19 Reports").) As an initial matter, to the extent Plaintiff contends that Defendants' actions fell
20 below the standard of care, these allegations assert at most a negligence claim and are
21 plainly insufficient to state an Eighth Amendment claim for deliberate indifference to a
22 serious medical need. Moreover, Plaintiff's contentions that Defendants subjected him to
23 "cruel [and] . . . unusual punishment" and "violate[d] Plaintiff's civil rights" by withholding
24 proper treatment are merely bald conclusory statements of elements of Plaintiff's § 1983
25 legal claim without any non-conclusory facts to support them and plainly insufficient to
26 satisfy Iqbal. For example, Plaintiff sets forth no specific allegations showing that
27 Defendants both (1) knew Plaintiff faced a substantial risk of serious harm to his health and
28 (2) failed to take reasonable measures to abate the risk despite knowing about it.

If Plaintiff wishes to amend his Complaint, he should set forth specific facts to support his deliberate indifference claim. Specifically, Plaintiff must allege facts sufficient to show that the treatment he received was medically unacceptable under the circumstances, and that Defendants chose this inadequate course of treatment in conscious disregard of an excessive risk to his health, i.e., that Defendants both (1) knew Plaintiff faced a substantial risk of serious harm to his health and (2) failed to take reasonable measures to abate the risk. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). The allegations are insufficient as presently stated.

### IV. Plaintiff Has Failed to Plead Sufficient Facts to Show How Defendant McMahon Participated In the Alleged Constitutional Violations

Liability under § 1983 arises upon a showing of personal participation by the defendant. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A person deprives another of a constitutional right where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

Thus, supervisory personnel generally are not liable under § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 645- 46 (9th Cir. 1989). A supervisory official may be liable under § 1983 only if the official was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the

constitutional violation. Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984). "[S]upervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." Edgerly v. City and County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010) (internal quotations and citation omitted).

The Complaint is devoid of any specific factual allegations that McMahon engaged in any affirmative act, participated in another's affirmative act, or failed to perform an act that he was legally required to do that caused the deprivations of which Plaintiff complains. The Complaint merely alleges in a conclusory fashion that McMahon is "in direct and visual knowledge of the deliberate indifference displayed by his employees [and] departmental staff violating Plaintiff's civil rights." (Complaint at 6.) However, Plaintiff's contention that McMahon knew of his employees' unconstitutional conduct is merely a bald conclusory statement without any non-conclusory facts to support it and plainly insufficient to satisfy Iqbal. For example, Plaintiff sets forth no specific allegations from which it can be inferred that McMahon reasonably should have known or did know about the alleged constitutional violations. Likewise, there are no specific allegations showing that McMahon's actions and/or omissions actually caused Plaintiff's constitutional injuries. Thus, there is an insufficient causal connection between the constitutional deprivations alleged in the Complaint and McMahon.

If Plaintiff chooses to file an amended complaint against Defendant McMahon, he must allege facts demonstrating a specific and direct connection between McMahon's actions and the deprivation of Plaintiff's constitutional rights. Alternatively, if Plaintiff is unable to allege McMahon's personal participation in the constitutional violations alleged, Plaintiff may choose not to pursue his claims against Defendant McMahon in amending the Complaint. The allegations against McMahon are insufficient as presently stated.
///

**V.   The Complaint Fails To State A Claim Against Defendants Under <u>Monell</u>**

Plaintiff's Complaint names Defendants McMahon, Haga, Milligan, and Liong, in their individual and official capacities. (Complaint at 4-5.) "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). Moreover, a local governmental entity, such as a County, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" <u>Anderson</u>, 451 F.3d at 1070 (citation omitted); <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 957 (9th Cir. 2008) (<u>en</u> <u>banc</u>).

Here, Plaintiff has failed to state a viable § 1983 claim against Defendants McMahon, Haga, Milligan, and Liong, in their official capacities. The Complaint is completely devoid of any specific factual allegations of a policy or custom that was the "moving force" behind the constitutional violations asserted. Plaintiff fails to identify <u>specific</u> policies, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining, and how they led to the

constitutional violations at issue. In sum, Plaintiff fails to state a § 1983 claim against Defendants in their official capacities.

To the extent Plaintiff wishes to amend his Complaint, he should set forth specific facts to support his Monell claim against Defendants. Conclusory statements of the elements of Plaintiff's § 1983 claim are insufficient to satisfy Iqbal. Plaintiff must allege facts establishing the existence of Defendants' alleged policies and/or customs and showing a specific and direct connection between these alleged policies and/or customs and the deprivation of Plaintiff's constitutional rights. The allegations are insufficient as presently stated.

\* \* \* \* \* \* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: September 16, 2013          /s/ John E. McDermott
                                   JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE