1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JERRY KENNETH THOMPSON,   )   Case No. EDCV 13-1020-FMO (JEM)
   )
      Plaintiff,   )
   )   MEMORANDUM AND ORDER
     v.   )   DISMISSING  COMPLAINT WITH
   )   LEAVE TO AMEND
JOHN McMAHON, et al.,   )
   )
      Defendant.   )
_____)

On June 27, 2013, Jerry Kenneth Thompson ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

1  which relief may be granted, allegations of material fact are taken as true and construed in

2  the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

3  1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

4  allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of

5  a civil rights complaint may not supply essential elements of the claim that were not initially

6  pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

7  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

8       Although a complaint "does not need detailed factual allegations" to survive

9  dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

10  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

11  550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

12  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

13  sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

14  possible or conceivable.  Id. at 557, 570.

15       Simply put, the complaint must contain "enough facts to state a claim to relief that is

16  plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents

17  enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.

18  Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks

19  for more than a sheer possibility that a defendant has acted unlawfully."  Id.   A complaint

20  that pleads facts that are merely consistent with liability stops short of the line between

21  possibility and plausibility.  Id.

22       In a pro se civil rights case, the complaint must be construed liberally to afford

23  plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

24  623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured,

25  pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

26  opportunity to amend prior to the dismissal of an action.  Lucas v. Dept. of Corrections, 66

27  F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Karim-Panahi, 839 F.2d at 623.  Only if

28  it is absolutely clear that the deficiencies cannot be cured by amendment should the

1    complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States,

2    70 F.3d 1103, 1106 (9th Cir. 1995); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1099

3    (9th Cir. 2004) (where amendment would be futile, complaint may be dismissed without

4    leave to amend).

5           After careful review and consideration of the Complaint under the relevant standards

6    and for the reasons discussed below, the Court finds that the Complaint must be

7    **DISMISSED WITH LEAVE TO AMEND.**

8                              **PLAINTIFF'S ALLEGATIONS**

9           Plaintiff is a prisoner who, at all relevant times, was incarcerated at the West Valley

10   Detention Center ("WVDC") in Rancho Cucamonga, California.  Plaintiff alleges that various

11   defendants were deliberately indifferent to Plaintiff's health and safety when they failed to

12   provide Plaintiff with "Skid Safe Tred Safe" shoes for his work in the kitchen and Officers

13   Dining Room, causing Plaintiff to fall and injure his back.  (Complaint at 1 & 6; see id.,

14   Exhibits ("Exhs.").)[1]  Moreover, Plaintiff alleges that various defendants were deliberately

15   indifferent to his serious medical needs when they denied treatment for the back injuries

16   Plaintiff incurred while employed at WVDC and/or failed to treat these injuries "in a manner

17   consistent with the industry."  (Complaint at 6.)

18                                  **DISCUSSION**

19          Having reviewed the Complaint pursuant to the standards set forth above, the Court

20   has determined that the Complaint does not withstand screening for the following reasons:

21   **I.     Plaintiff Must Name All Defendants In the Caption**

22          Plaintiff only names Defendants McMahon and Haga in the caption of the Complaint.

23   (Complaint at 1.)  In the body of the Complaint, however, Plaintiff makes allegations against

24   numerous defendants not named in the caption, namely Defendants Milligan, Liong, Lopez,

25   Pete, and Walker.  (Complaint at 6.)

26

27

28
         [1]  The Court labels and refers to the pages in the Complaint in consecutive order, i.e., 1-7.

                                          3

1    The individuals or entities named as "defendants" only in the body of the Complaint

2    have not been presented properly as parties, and the Court does not recognize them as

3    defendants in this action.  If Plaintiff files an amended complaint, he must include in the

4    caption the names of each defendant against whom he is asserting a claim.  See Fed. R.

5    Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63

6    (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants

7    in the caption).  The Court will not order the United States Marshal to serve the amended

8    complaint on any named defendant not identified in the caption.

9    **II.    The Complaint Fails To State An Eighth**
     **Amendment Conditions of Confinement Claim**

10   The Eighth Amendment's prohibition against cruel and unusual punishment imposes

11   duties on prison officials to "provide humane conditions of confinement."[2]  Farmer v.

12   Brennan, 511 U.S. 825, 832 (1994).  "[P]rison officials must ensure that inmates receive

13   adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to

14   guarantee the safety of the inmates.'"  Id. (citation omitted).  Establishing a violation of the

15   Eighth Amendment requires a two-part showing.

16   First, an inmate must objectively show that he was deprived of something "sufficiently

17   serious."  Id. at 834.  A deprivation is sufficiently serious when the prison official's act or

18   omission results "in the denial of 'the minimal civilized measure of life's necessities.'"  Id.

19   (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); see Hudson v. McMillian, 503

20   U.S. 1, 9 (1992).  "[R]outine discomfort inherent in the prison setting" does not rise to the

21   level of a constitutional violation.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006); see

22   also Hudson, 503 U.S. at 9.

23   _____

24   [2]    Plaintiff does not indicate whether he was a pretrial detainee or a prisoner serving a
     sentence of confinement at the time of the alleged events.  Claims by pretrial detainees arise under

25   the Fourteenth Amendment Due Process Clause, whereas claims by prisoners arise under the Cruel
     and Unusual Punishments Clause of the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n.

26   16 (1979).  Nevertheless, "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are
     comparable to prisoners' rights under the Eighth Amendment," the Court analyzes Plaintiff's

27   conditions of confinement claims under the standards provided by the Eighth Amendment,
     regardless of Plaintiff's incarceration status.  Frost, 152 F.3d at 1128 (citing Redman v. County of

28   San Diego, 942 F.2d 1435, 1441 (9th Cir.1991)).

1    Second, the inmate must make a subjective showing that the deprivation occurred

2    with deliberate indifference to the inmate's health or safety.  Farmer, 511 U.S. at 834 (citing

3    Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)); see also Foster v. Runnels, 554 F.3d 807,

4    812 (9th Cir. 2009).  Deliberate indifference is a higher standard than negligence or lack of

5    ordinary due care for the prisoner's safety.  Farmer, 511 U.S. at 835; see Clement v.

6    California Dep't of Corrections, 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002) ("Neither

7    negligence nor gross negligence will constitute deliberate indifference.").  Instead, in order

8    to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts

9    sufficient to support a claim that prison officials knew of and disregarded a substantial risk of

10   serious harm to the plaintiff.  See, e.g., Farmer, 511 U.S. at 847.

11       Claims regarding slippery floors, without more, "do not state even an arguable claim

12   for cruel and unusual punishment."  Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989),

13   superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-

14   31 (9th Cir. 2000); see Robinson v. Cuyler, 511 F.Supp. 161, 163 (E.D. Pa. 1981) ("A

15   slippery kitchen floor does not inflict 'cruel and unusual punishments.'" (citation omitted));

16   Tunstall v. Rowe, 478 F.Supp. 87, 88-89 (N.D. Ill. 1979) (greasy staircase that caused

17   prisoner to slip and fall did not violate the Eighth Amendment); Snyder v. Blankenship, 473

18   F.Supp. 1208, 1209-10, 1212 (W.D. Va. 1979) (leaking dishwasher which caused prisoner

19   to slip and fall did not violate Eighth Amendment).  Instead, to state a cognizable claim for

20   relief, there must be a confluence of exacerbating conditions such that the slippery floor

21   posed a serious, unavoidable threat to plaintiff's safety.  See Frost, 152 F.3d at 1129

22   ("[s]lippery floors without protective measures could create a sufficient danger to warrant

23   relief" when an inmate alleges facts that exacerbate the danger resulting from such

24   conditions); Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety

25   hazard does not violate the Eighth Amendment but allegations of conditions which

26   "exacerbate[] the inherent dangerousness of already-existing hazards" or "render[] [an

27   inmate] unable to provide for his own safety" are sufficient to state a cognizable claim for

28   relief (internal quotations, brackets and citation omitted)).

Plaintiff alleges that he fell while working in the Officers Dining Room and injured his back (Complaint at 1 & 6; see id., Exhs.), and that Defendants' failure to provide him with the "Skid Safe Tred Safe" shoes that are a requirement in the food industry constituted deliberate indifference to his safety.  However, Plaintiff alleges no facts or exacerbating circumstances that could elevate this simple negligence claim into a federal cause of action. See, generally, id. at 1-7 & Exhs.; see Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment . . . .  Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." (internal quotations, brackets and citation omitted)); Frost, 152 F.3d at 1129; Osolinski, 92 F.3d at 938; Farmer, 511 U.S. at 835-36 & n. 4.  Plaintiff's conditions of confinement claim against Defendants therefore does not state a constitutional violation.  See, e.g., Andrillion v. Stolc, 2011 WL 2493655, at *2 & *4 (D. Ariz. 2011) (failure to provide workboots to prisoner when working in wet and slippery conditions in the kitchen resulting in prisoner slipping and falling and injuring himself failed to raise a cognizable claim for relief); Aaronian v. Fresno County Jail, 2010 WL 5232969, at *2 & *3 (E.D. Cal. 2010) (allegation that plumbing leak caused pool of water resulting in plaintiff slipping and falling does not raise cognizable conditions of confinement claim); Wallace v. Haythorne, 2007 WL 3010755, at *2-*4 (E.D. Cal. 2007) (finding no Eighth Amendment violation when prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants were aware that a non-prisoner employee had previously tripped on one of the holes).

Because Plaintiff appears pro se and has not had a prior opportunity to amend his claims, the Court recommends that the Complaint be dismissed with leave to amend.  To the extent Plaintiff wishes to amend his Complaint, he should set forth specific facts to support his conditions of confinement claim.  Conclusory statements of the elements of Plaintiff's § 1983 claim are insufficient to satisfy Iqbal.

/ / /

/ / /

1

**III.    The Complaint Fails To State A Claim For
Deliberate Indifference To A Serious Medical Need**

2

3           Prison officials and physicians violate the Eighth Amendment's proscription against

4    cruel and unusual punishment when they act with deliberate indifference to an inmate's

5    serious medical needs.  <u>Wilson</u>, 501 U.S. at 302; <u>Carlson v. Green</u>, 446 U.S. 14, 19 (1980);

6    <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  Deliberate indifference in violation of the Eighth

7    Amendment exists when a prison official knows an inmate faces a substantial risk of serious

8    harm to his health and fails to take reasonable measures to abate the risk.  <u>Farmer</u>, 511

9    U.S. at 847; <u>Toguchi v. Soon Hwang Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).  "Under

10   this standard, the prison official must not only 'be aware of facts from which the inference

11   could be drawn that a substantial risk of harm exists,' but that person 'must also draw the

12   inference.'"  <u>Toguchi</u>, 391 F.3d at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).  "'If a [prison

13   official] should have been aware of the risk, but was not, then the [official] has not violated

14   the Eighth Amendment, no matter how severe the risk.'"  <u>Toguchi</u>, 391 F.3d at 1057

15   (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002), <u>cert.</u>

16   <u>denied</u>, 537 U.S. 1106 (2003)).

17           Deliberate indifference to an inmate's serious medical needs may be manifested in

18   two ways: either when prison officials deny, delay or intentionally interfere with medical

19   treatment, or by the way that prison physicians provide medical care.  <u>Gamble</u>, 429 U.S. at

20   104-05; <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002).  In either case, the

21   indifference to the inmate's medical needs must be substantial; inadequate treatment due to

22   negligence, inadvertence, or differences in judgment between an inmate and medical

23   personnel does not rise to the level of a constitutional violation.  <u>Gamble</u>, 429 U.S. at 105-

24   06; <u>Toguchi</u>, 391 F.3d at 1057.  Similarly, mere delay in providing a prisoner with medical

25   treatment, without more, does not amount to a constitutional violation.  <u>McGuckin v. Smith</u>,

26   974 F.2d 1050, 1060 (9th Cir. 1992), <u>overruled on other grounds by</u>, <u>WMX Tech., Inc. v.</u>

27   <u>Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (<u>en</u> <u>banc</u>); <u>Shapley v. Nevada Board of State Prison</u>

28   <u>Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (<u>per</u> <u>curiam</u>).

"A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F.3d at 1131 (quoting McGuckin, 974 F.2d at 1059-60).

The Complaint is devoid of any specific factual allegations that Defendants knew Plaintiff faced a substantial risk of serious harm to his health and failed to take reasonable measures to abate the risk. The Complaint merely alleges in a conclusory fashion that Dr. Liong and Dr. Haga "subject Plaintiff to ongoing cruel [and] . . . unusual punishment by negligen[tly] . . . failing to treat . . . Plaintiff in a manner consistent with the industry[.]" (Complaint at 6 (further claiming that: (1) "Dr. Haga failed to oversee Plaintiff's health [and] . . . treatment [and] den[ied] a standard of treatment consistent with injury[;]" and (2) "Dr. Liong violates Plaintiff's civil rights by the lack of treatment [and] . . . by falsifying Medical Reports").) As an initial matter, to the extent Plaintiff contends that Defendants' actions fell below the standard of care, these allegations assert at most a negligence claim and are plainly insufficient to state an Eighth Amendment claim for deliberate indifference to a serious medical need. Moreover, Plaintiff's contentions that Defendants subjected him to "cruel [and] . . . unusual punishment" and "violate[d] Plaintiff's civil rights" by withholding proper treatment are merely bald conclusory statements of elements of Plaintiff's § 1983 legal claim without any non-conclusory facts to support them and plainly insufficient to satisfy Iqbal. For example, Plaintiff sets forth no specific allegations showing that Defendants both (1) knew Plaintiff faced a substantial risk of serious harm to his health and (2) failed to take reasonable measures to abate the risk despite knowing about it.

1    If Plaintiff wishes to amend his Complaint, he should set forth specific facts to support

2    his deliberate indifference claim.  Specifically, Plaintiff must allege facts sufficient to show

3    that the treatment he received was medically unacceptable under the circumstances, and

4    that Defendants chose this inadequate course of treatment in conscious disregard of an

5    excessive risk to his health, i.e., that Defendants both (1) knew Plaintiff faced a substantial

6    risk of serious harm to his health and (2) failed to take reasonable measures to abate the

7    risk. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  The allegations are

8    insufficient as presently stated.

9    **IV.    Plaintiff Has Failed to Plead Sufficient Facts
            to Show How Defendant McMahon Participated
10           In the Alleged Constitutional Violations**

11   Liability under § 1983 arises upon a showing of personal participation by the

12   defendant.  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  To state a claim under

13   section 1983, a plaintiff must allege that (1) the defendant acted under color of state law,

14   and (2) the defendant deprived him of rights secured by the Constitution or federal law.

15   Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  A person deprives

16   another of a constitutional right where that person "does an affirmative act, participates in

17   another's affirmative acts, or omits to perform an act which [that person] is legally required

18   to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d

19   740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by

20   some kind of direct, personal participation in the deprivation, but also by setting in motion a

21   series of acts by others which the actor knows or reasonably should know would cause

22   others to inflict the constitutional injury."  Id. at 743-44.

23   Thus, supervisory personnel generally are not liable under § 1983 on any theory of

24   respondeat superior or vicarious liability in the absence of a state law imposing such liability.

25   Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885

26   F.2d 642, 645- 46 (9th Cir. 1989).  A supervisory official may be liable under § 1983 only if

27   the official was personally involved in the constitutional deprivation, or if there was a

28   sufficient causal connection between the supervisor's wrongful conduct and the

1    constitutional violation. <u>Redman</u>, 942 F.2d at 1446-47; <u>Hansen</u>, 885 F.2d at 646; <u>see</u> <u>also</u>

2    <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680 (9th Cir. 1984).

3    "[S]upervisors can be held liable for: 1) their own culpable action or inaction in the training,

4    supervision, or control of subordinates; 2) their acquiescence in the constitutional

5    deprivation of which a complaint is made; or 3) for conduct that showed a reckless or

6    callous indifference to the rights of others." <u>Edgerly v. City and County of San Francisco</u>,

7    599 F.3d 946, 961 (9th Cir. 2010) (internal quotations and citation omitted).

8         The Complaint is devoid of any specific factual allegations that McMahon engaged in

9    any affirmative act, participated in another's affirmative act, or failed to perform an act that

10   he was legally required to do that caused the deprivations of which Plaintiff complains.  The

11   Complaint merely alleges in a conclusory fashion that McMahon is "in direct and visual

12   knowledge of the deliberate indifference displayed by his employees [and] departmental

13   staff violating Plaintiff's civil rights." (Complaint at 6.)  However, Plaintiff's contention that

14   McMahon knew of his employees' unconstitutional conduct is merely a bald conclusory

15   statement without any non-conclusory facts to support it and plainly insufficient to satisfy

16   <u>Iqbal</u>.  For example, Plaintiff sets forth no specific allegations from which it can be inferred

17   that McMahon reasonably should have known or did know about the alleged constitutional

18   violations.  Likewise, there are no specific allegations showing that <u>McMahon</u>'s actions

19   and/or omissions actually caused Plaintiff's constitutional injuries.  Thus, there is an

20   insufficient causal connection between the constitutional deprivations alleged in the

21   Complaint and McMahon.

22        If Plaintiff chooses to file an amended complaint against Defendant McMahon, he

23   must allege facts demonstrating a specific and direct connection between McMahon's

24   actions and the deprivation of Plaintiff's constitutional rights.   Alternatively, if Plaintiff is

25   unable to allege McMahon's personal participation in the constitutional violations alleged,

26   Plaintiff may choose not to pursue his claims against Defendant McMahon in amending the

27   Complaint.  The allegations against McMahon are insufficient as presently stated.

28   / / /

**V.     The Complaint Fails To State A Claim
         Against Defendants Under <u>Monell</u>**

Plaintiff's Complaint names Defendants McMahon, Haga, Milligan, and Liong, in their

individual and official capacities.  (Complaint at 4-5.)  "[A]n official-capacity suit is, in all

respects other than name, to be treated as a suit against the entity."  <u>Kentucky v. Graham</u>,

473 U.S. 159, 166 (1985).  Moreover, a local governmental entity, such as a County, "may

not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it

is when execution of a government's policy or custom, whether made by its lawmakers or by

those whose edicts or acts may fairly be said to represent official policy, inflicts the injury

that the government as an entity is responsible under § 1983."  <u>Monell v. Dept. of Social

Services of City of New York</u>, 436 U.S. 658, 694 (1978).  Thus, "[i]n order to hold [a local

government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a

constitutional right of which he was deprived; (2) that the [local government entity] had a

policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right;

and (4) that the policy is the 'moving force behind the constitutional violation.'"  <u>Anderson v.

Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks

omitted); <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011).   "There also must

be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be

able to demonstrate that the injury resulted from a 'permanent and well settled practice.'"

<u>Anderson</u>, 451 F.3d at 1070 (citation omitted); <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541

F.3d 950, 957 (9th Cir. 2008) (<u>en</u> <u>banc</u>).

Here, Plaintiff has failed to state a viable § 1983 claim against Defendants McMahon,

Haga, Milligan, and Liong, in their official capacities.  The Complaint is completely devoid of

any specific factual allegations of a policy or custom that was the "moving force" behind the

constitutional violations asserted.  Plaintiff fails to identify <u>specific</u> policies, regulations,

officially adopted or promulgated decisions, customs, or practices by which any defendant

allegedly inflicted the injuries about which Plaintiff is complaining, and how they led to the

1 constitutional violations at issue.  In sum, Plaintiff fails to state a § 1983 claim against

2 Defendants in their official capacities.

3       To the extent Plaintiff wishes to amend his Complaint, he should set forth specific

4 facts to support his <u>Monell</u> claim against Defendants.  Conclusory statements of the

5 elements of Plaintiff's § 1983 claim are insufficient to satisfy <u>Iqbal</u>.  Plaintiff must allege facts

6 establishing the existence of Defendants' alleged policies and/or customs and showing a

7 specific and direct connection between these alleged policies and/or customs and the

8 deprivation of Plaintiff's constitutional rights.   The allegations are insufficient as presently

9 stated.

10                       * * * * * * * * *

11       For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO**

12 **AMEND**.

13       If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended

14 Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies

15 discussed above.

16       If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the

17 docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be

18 filled out exactly in accordance with the directions on the form; and (4) be complete in and of

19 itself without reference to the previous complaints or any other pleading, attachment or

20 document.  The Clerk is directed to provide Plaintiff with a blank Central District of California

21 civil rights complaint form, which Plaintiff must fill out completely and resubmit.

22       **Plaintiff is admonished that, if he fails to file a Second Amended Complaint by**

23 **the deadline set herein, the Court may recommend that this action be dismissed for**

24 **failure to prosecute and failure to comply with a Court order.**

25

26 DATED: <u>September 16, 2013</u>            <u>    /s/ John E. McDermott    </u>

27                                  JOHN E. MCDERMOTT
                           UNITED STATES MAGISTRATE JUDGE

28